IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| ION CATALIN VRANCEA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:23-cv-02701-SHL-atc |
| ) | |
| WARDEN C. HARRISON, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**ORDER DISMISSING PETITION PURSUANT TO 28 U.S.C. § 2241, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition") filed by Petitioner Ion Catalin Vrancea, Bureau of Prisons register number 79972-053, an inmate at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis"). (ECF No. 1.) For the reasons that follow, the Court **DISMISSES** the § 2241 Petition without prejudice for want of subject-matter jurisdiction.

I.    BACKGROUND AND PROCEDURAL HISTORY

A.    Vrancea's Criminal Case

On March 15, 2012, a federal grand jury in the Eastern District of New York returned a four-count indictment against Vrancea. (Indictment, *United States v. Vrancea*, No. 1:12-cr-00198 (E.D.N.Y. Mar. 15, 2012), Criminal ("Cr.") ECF No. 9.) On December 12, 2012, the grand jury returned a five-count superseding indictment, and, on December 20, 2012, they returned a five-count second superseding indictment. (Cr. ECF Nos. 29, 40.)

A jury trial commenced on January 7, 2013.  On January 15, 2013, the jury returned a guilty verdict on all counts :obstruction of justice in violation of 18 U.S.C. § 1512(c)(1) (Count 1), destruction of evidence, in violation of 18 U.S.C. § 1519 (Count 2), use of arson to commit obstruction of justice, in violation of 18 U.S.C. § 844(h)(1) (Count 3), use of fire to damage real and personal property, in violation of 18 U.S.C. § 844(i) (Count 4), and use of a false passport, in violation of 18 U.S.C. § 1543 (Count 5).  (Cr. ECF No. 63.)

On November 6, 2013, United States District Judge William F. Kuntz, II sentenced Vrancea to a term of imprisonment of three hundred sixty months, to be followed by a three-year period of supervised release.  (Cr. ECF No. 71.)  Vrancea was also ordered to pay restitution in the amount of $67,361.42.  (Id.)  Judgment was entered on November 26, 2013.  (Cr. ECF No. 72.)

The next day, Vrancea filed his notice of appeal, challenging both his conviction and sentence.  (Cr. ECF No. 74.)  The United States Court of Appeals for the Second Circuit affirmed Vrancea's conviction but vacated his sentence and remanded the case for a new sentencing hearing in accordance with 18 U.S.C. § 3553(c).  *United States v. Vrancea*, 606 F. App'x 21, 24 (2d Cir. 2015).

A resentencing hearing was held on September 29, 2015, at which Judge Kuntz adopted the factual findings in the presentence report and sentenced Vrancea to a term of imprisonment of one hundred eighty months to be followed by a three-year period of supervised release.  *United States v. Vrancea*, 136 F. Supp. 3d 378 (E.D.N.Y. 2015).  Judge Kuntz again ordered Vrancea to pay $67,361.42 in restitution.  (Id.)  An amended judgment was entered on October 27, 2015.  (Cr. ECF No. 92.)  Vrancea appealed the amended judgment, but the Second Circuit affirmed the decision of the district court on April 25, 2017.  *United States v. Vrancea*, 688 F. App'x 94, 95 (2d Cir. 2017) (mem.).

On September 5, 2017, Vrancea filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), in which he raised twenty-four claims, including ineffective assistance of trial and appellate counsel, violations of *Brady v. Maryland*, 373 U.S. 83 (1963), prosecutorial misconduct, sentencing error, insufficiency of the indictment, and potential conflicts of interest by counsel. (Cr. ECF No. 101.) On December 11, 2019, Judge Kuntz denied the petition and declined to issue a certificate of appealability. (Cr. ECF No. 148.) On December 30, 2019, Vrancea moved for a certificate of appealability and *in forma pauperis* status. (ECF No. 150.) The Second Circuit denied the motions and dismissed his appeal on July 21, 2020. (Cr. ECF No. 152.)

    **B.**    **Vrancea's § 2241 Petition**

On November 1, 2023, Vrancea filed his *pro se* § 2241 Petition against the Warden of FCI Memphis.[1] (ECF No. 1.) Although the issues are not clearly presented, it appears that Vrancea contends that he is being held in violation of the United States Constitution because the Government did not have standing to bring the criminal case, the prosecution was fraudulent, his right to a grand jury was violated, the indictment was forged, and there was no probable cause to arrest him. Vrancea seeks immediate release. (ECF No. 1 at PageID 11.)

**II.**    **ANALYSIS**

This Court is authorized to issue a writ of habeas corpus under 28 U.S.C. § 2241(c)(3) when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). However, "[a] district court has no jurisdiction over an

---

[1] On December 26, 2023, Vrancea filed a notice of substitution of respondent from F.J. Bowers to C. Harrison. (ECF No. 7.) That filing was unnecessary as the Clerk had already changed the respondent.

application for habeas under section 2241 if the petitioner could seek relief under section 2255, and either has not done so or has done so unsuccessfully. The only escape route is the saving clause." *Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021). The "savings clause" in § 2255 provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). "Construing this language, courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999) (per curiam) (citations omitted).

Here, Vrancea is attacking his conviction, therefore, habeas relief under § 2241 is not available to him unless relief under § 2255 is inadequate or ineffective. Vrancea carries the burden of demonstrating that the savings clause applies. *Id.* at 756.

"The circumstances in which § 2255 is inadequate and ineffective are narrow[.]" *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). "[T]he § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." *Charles*, 180 F.3d at 756 (citations omitted). In addition, "§ 2255(e)'s savings clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or

4

successive § 2255 motions by filing a § 2241 petition." *Jones v. Hendrix*, 599 U.S. 465, 471 (2023).

In his petition, Vrancea asserts that the remedy under § 2255 is inadequate or ineffective because "the sentencing court lack[s] in personam jurisdiction over respondent, Warden Bowers, my immediate custodian, and my person." (ECF No. 1 at PageID 5.)  However, personal jurisdiction over the warden would not be required to file a § 2255 petition because the United States would be the sole respondent in that suit.  Thus, Vrancea has not satisfied his burden of demonstrating that the § 2255 remedy is inadequate or ineffective.

Because it appears Vrancea could seek relief under § 2255, the Court lacks subject matter jurisdiction over the § 2241 Petition.  As a result, the petition is **DISMISSED WITHOUT PREJUDICE**.

### III.  APPEAL ISSUES

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1).  *Witham v. United States*, 355 F.3d 501, 502 (6th Cir. 2004); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002).

A habeas petitioner seeking to appeal must pay the $505 filing fee required by 28 U.S.C. §§ 1913 and 1917.  To appeal *in forma pauperis* in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a).  *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).  Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1).  However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner

5

must file a motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5).

In this case, because this Court does not have subject-matter jurisdiction over the petition, any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith and leave to appeal *in forma pauperis* is **DENIED**.[2]

**IT IS SO ORDERED**, this 25th day of January, 2024.

                                                       s/ Sheryl H. Lipman
                                                       SHERYL H. LIPMAN
                                                       CHIEF UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty days of entry of this Order. *See* Fed. R. App. P. 24(a)(5).